IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

IN RE HAWAIIAN ELECTRIC INDUSTRIES, INC., STOCKHOLDER DERIVATIVE LITIGATION

Lead Case No. 24-cv-00164 MWJS-WRP
*Consolidated with*
Case No. 24-cv-00247 MWJS-WRP
*This Document Relates to All Actions*

ORDER GRANTING NOMINAL DEFENDANT'S MOTION TO EXTEND STAY

## INTRODUCTION

After the August 8, 2023 fires ravaged the island of Maui, hundreds of lawsuits were filed against the local utility company, Hawaiian Electric Industries, Inc. (HEI). In this consolidated stockholder derivative action, HEI shareholders seek—on behalf of HEI—to hold certain HEI directors and officers liable for the potential liability from those other lawsuits.

On July 30, 2024, the court stayed this action to await the resolution of motions in two actions filed in the Northern District of California. ECF No. 76. Those motions have since been resolved, and HEI now moves for a limited extension of the stay. ECF No. 83. For reasons explained below, the motion is GRANTED.

//

//

**BACKGROUND**

Last year, HEI moved to stay this action indefinitely until a federal securities action and a derivative action, both before the Honorable Jacqueline Scott Corley, United States District Judge for the Northern District of California, were resolved. ECF No. 31. In its July 30, 2024 order, this court declined to grant an indefinite stay. ECF No. 76. Instead, the court granted a limited stay tethered to the resolution of motions then pending before Judge Corley: a motion to dismiss the securities action and motions to dismiss or stay the derivative action. *Id.* at PageID.1172-73.

Following this court's stay order, the California plaintiffs moved to voluntarily dismiss their action without prejudice. Judge Corley granted that motion and then dismissed the pending motion to dismiss or stay the action as moot. ECF No. 82, at PageID.1458; *see also* ECF No. 82-1, at PageID.1462-63. Judge Corley separately granted HEI's motion to dismiss the securities action, but allowed plaintiffs leave to amend. ECF No. 81. Given the resolution of the two motions to which this court's limited stay order was pegged, the stay was scheduled to be lifted unless it was further extended.

HEI now seeks an extension. ECF No. 83. Noting that it has filed a new motion to dismiss the amended complaint in the securities action—which is scheduled for a hearing before Judge Corley in June 2025, ECF No. 82, at PageID.1457—HEI seeks only a limited extension of the stay until that motion to dismiss is decided. The court opts to resolve this extension request without a hearing, as authorized by Local Rule 7.1(c).

**DISCUSSION**

A federal court weighs three factors in deciding whether to stay an action: "(1) 'the possible damage which may result from the granting of a stay;' (2) 'the hardship or inequity which a party may suffer in being required to go forward;' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" ECF No. 76, at PageID.76 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

1. In its prior order, the court concluded that these factors, taken together, weighed in favor of a stay pending the resolution of the motions in the Northern District of California.

First, the court concluded that a stay of that limited variety was not likely to cause harm to HEI. *Id*. at PageID.1158-61. The stay would not be indefinite, but rather would be pegged to the resolution of the pending motions. And the then-pending motions—a motion to dismiss the securities action and to dismiss or stay the derivative action—had already been set for hearing before Judge Corley in short order. *Id.* at PageID.1160. Moreover, although the stay could conceivably cause harm or inconvenience to plaintiffs or their attorneys, the court explained that "[b]ecause a derivative suit is brought on behalf of a corporation," the question was "what harm the corporation itself might suffer, not the harm that the plaintiffs or their attorneys might

face." *Id.* at PageID.1158. For these reasons, the court concluded that this factor did "not meaningfully weigh against the granting of such a stay." *Id.* at PageID.1161.

Second, the court concluded that "[w]hile the effect of *granting* a limited stay would be merely to pause this case until the resolution of the pending motions before Judge Corley, the effect of *denying* a stay would not be so circumscribed." *Id.* That is because "[i]n this action, Plaintiffs seek to prove that certain directors and officers breached their duties and thereby harmed HEI." *Id.* Meanwhile, "[i]n the securities action [in the Northern District of California], HEI is trying to *defend* its directors and officers against similar allegations." *Id.* The court agreed with HEI that "allowing this case to continue could force HEI to adopt the contradictory positions that its directors and officers breached their fiduciary duties *and* that those same directors and officers acted lawfully in their fiduciary roles." *Id.* As the court observed, "as long as a corporation is legitimately defending itself, it cannot be in the corporation's interest to have its shareholders endeavoring to undermine its defenses." *Id.* at PageID.1164. The court therefore concluded that "this second factor supports a limited stay pending the resolution of the motions before Judge Corley." *Id.* at PageID.1165.

Third, the court agreed with HEI's contention that "because of the overlap between the cases, a stay of this action would promote judicial economy and avoid the risk of inconsistent rulings." *Id.* at PageID.1166. The court found that "[b]oth cases raise strikingly similar arguments about the statements issued by HEI and its officers,"

and that "both allege that many of the same statements were false and misleading and, thus, form the basis of liability." *Id.* at PageID.1167. These included, more specifically, alleged false and misleading statements in HEI's "Form 10-K and ESG reports for [the] years 2018 through 2022." *Id.* The court also addressed Plaintiffs' contention that "this derivative action is arguing that the failure to implement mitigation efforts *itself* constitutes a breach of fiduciary duties," and that "the securities action does not advance a claim solely based on the failure to implement mitigation efforts." *Id.* As the court explained, the securities action nonetheless "raises a closely related question: whether HEI's statements about its fire mitigation efforts were false and misleading," and "answering that question requires an inquiry into whether mitigation efforts were, in fact, implemented." *Id.* For these reasons, the court concluded that granting a limited stay would "preserve judicial resources," "streamline this action and avoid inconsistent rulings," and potentially "substantially narrow the scope of this action." *Id.* at PageID.1170.

2. In support of its request that the stay be extended to await the resolution of the currently pending motion to dismiss the securities action in the Northern District of California, HEI argues that the three factors, taken together, continue to weigh in favor of the stay. The court agrees.

First, the limited extension of the stay requested here is not likely to meaningfully harm HEI. The pending motion to dismiss is scheduled to be heard in

June 2025, less than two months away. And while even a limited stay will cause some delay in the progress of this case, that delay—given the modest nature of HEI's extension request—is minimal.

Second, it remains true that allowing this case to proceed would put HEI in the incongruous position of defending itself (against the securities action) while its shareholders seek to undermine its own defenses (through this derivative action). *See id.* at PageID.1161-65. To be sure, the court recognized in its prior order that if Judge Corley were to allow the Northern District of California derivative action to go forward, then HEI would "simultaneously face litigation in a securities action and a derivative action" regardless of what this court did, in which case "Plaintiffs here would have a strong argument that this derivative action should also go forward so that Plaintiffs might coordinate with the plaintiff shareholders in California." *Id.* at PageID.1165. But Judge Corley did not allow the derivative action before her to go forward; to the contrary, she indicated that if she had had occasion to resolve the stay motion (which she did not, given the plaintiffs' voluntary dismissal), she "most likely" would have granted it. ECF No. 83-1, at PageID.1482 (quoting ECF No. 83-4, at PageID.1609). Because HEI does not already have to face contradictory litigation postures, it very much matters whether this court allows that to occur.

Third, and finally, the limited extension of the stay would promote the orderly course of justice. Even Plaintiffs now suggest that Judge Corley is likely to grant the

motion to dismiss the securities action with prejudice. ECF No. 86, at PageID.1620 ("The Securities Action has been dismissed once and is likely to be dismissed with prejudice upon re-review."). If Plaintiffs' own prediction comes true, it will have implications for their own lawsuit, which purports to rely on many of the same alleged false and misleading statements—most notably, HEI's Form 10-K and ESG reports for the years 2018 through 2022.[1] A stay to await Judge Corley's ruling on the motion to dismiss will allow the parties to reckon with her reasoning in their eventual submissions to this court.

Plaintiffs resist these conclusions, arguing that a stay is less appropriate now than it was in July 2024 because HEI has agreed to settle state tort actions in exchange for its own payment of nearly $2 billion. *Id.* at PageID.1624. This development is, to be sure, material. *See* ECF No. 76, at PageID.1155 (recognizing that "if liability were eventually established in the direct actions, HEI's interests would suddenly shift: it would want indemnification from its directors and officers as promptly and completely as possible"). But it is not yet a game-changer. As HEI persuasively responds, the

---

[1] Plaintiffs filed an amended consolidated complaint on August 15, 2024, after this court had granted the limited stay. ECF No. 80. And their new complaint continues to allege that HEI directors and officers are liable, in the derivative action, for false and misleading statements that are also the basis of alleged liability in the securities action pending in the Northern District of California—in particular, statements in HEI's Form 10-K and ESG reports for the years 2018 through 2022. *See, e.g.*, *id.* at PageID.1304-23. That pleading choice belies Plaintiffs' current assertion that these allegations are immaterial to their case. *See* ECF No. 86, at PageID.1631-32 & n.4.

settlement agreements "are subject to court approval and other conditions, including resolution of the claims of the insurance companies . . . and legislation appropriating money from the state." ECF No. 87, at PageID.1714. Plaintiffs offer no reason to believe these requirements will be met anytime soon. At this point, then, the settlements do not meaningfully weigh against extending the stay until the resolution of the pending motion to dismiss the securities action, which is set for hearing in just a few months' time, in June 2025. Plaintiffs are free to request a revisiting of these conclusions when the settlement is closer to being final. As the record currently stands, however, the court has been provided no reason to conclude that finality will arise any earlier than Judge Corley's resolution of the pending motion to dismiss.

## CONCLUSION

For the foregoing reasons, HEI's motion to extend the stay is GRANTED. This action will remain stayed until the resolution of HEI's pending motion to dismiss in *Bhangal v. Hawaiian Electric Industries, Inc.*, No. 23-cv-04332 (N.D. Cal.). For good cause, Plaintiffs may move at any time to dissolve this stay.

Within seven days of a decision on the above-mentioned motion, HEI shall notify this court. Once the court has been notified that the motion has been resolved, it will lift the stay within thirty days. Within that thirty-day window, for good cause, HEI may move to extend the stay and to request that it be extended until resolution of that new motion.

In light of the extension of the stay, this case shall remain administratively closed. The administrative closure is solely an administrative matter. It does not impact any party's rights or obligations, does not alter any previous rulings by the court, and does not require a filing fee to reopen the case.

IT IS SO ORDERED.

DATED: April 30, 2025, at Honolulu, Hawai'i.




/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge